| | | |
|---|---|---|
| **GREGORY SWAFFORD FAMILY TRUST** | * | **NO. 2021-CA-0200** |
| | * | |
| **VERSUS** | | **COURT OF APPEAL** |
| | * | |
| **GRAYSTAR MORTGAGE, LLC, JB 430 HOLDINGS LLC, AND THE HONORABLE MARLIN H. GUSMAN IN THIS OFFICIAL CAPACITY AS THE ORLEANS PARISH SHERIFF** | * | **FOURTH CIRCUIT** |
| | | **STATE OF LOUISIANA** |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-10896, DIVISION "J"
Honorable D. Nicole Sheppard,
* * * * * *
**Judge Edwin A. Lombard**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge Rosemary Ledet)
***BELSOME, J., CONCURS IN THE RESULT***
***LEDET, J., CONCURS WITH REASONS***

Gregory Swafford
ATTORNEY AT LAW
4734 Franklin Avenue
New Orleans, LA 70122-6112

     COUNSEL FOR PLAINTIFF/APPELLANT

C. Michael Pfister, Jr.
Andrew D. Weinstock
DUPLASS ZWAIN BOURGEOIS PFISTER & WEINSTOCK
3838 North Causeway Blvd., Suite 2900
Metairie, LA 70002

     COUNSEL FOR DEFENDANT/APPELLEE, JB 430 HOLDINGS, LLC

Steven A. Watts
LAW OFFICE OF STEVEN A. WATTS, LLC
3925 N. I-10 Service Rd., Suite 230
Metairie, LA 70002

     COUNSEL FOR DEFENDANT/APPELLEE, GRAYSTAR MORTGAGE, L.L.C.

            **APPEAL DISMISSED**
            **OCTOBER 27, 2021**

This appeal is from the district court judgment of December 18, 2019, maintaining the plaintiff's exception of *res judicata* and dismissing with prejudice the defendant's petition for injunctive relief with regard to the property located at 4734 Franklin Avenue in New Orleans. After review of the record in light of the applicable law, we find that the motion for appeal was filed prematurely and, therefore, is moot requiring dismissal of this appeal.

***Relevant Facts and Procedural History***

This matter originated in in 2018 as an executory proceeding in Orleans Parish Civil District Court wherein Graystar Mortgage, L.L.C. ("Graystar"), obtained a Writ of Seizure and Sale ordering the Civil Sheriff of Orleans Parish to seize and sell the property located at 4734 Franklin Avenue due to the failure of the Gregory Swafford Family Trust (Swafford) to make payments under the terms of a promissory note secured by a collateral mortgage on the property, to provide proof of insurance, and to pay property taxes. The actual sale was delayed by litigation but in July 2019, the property was purchased by JB 430 Holdings, LLC. ("JB 430"). The Sheriff's Sale Deed was recorded on September 22, 2020.

After unsuccessfully filing a petition to annul the sale of the property, Swafford filed the instant lawsuit on October 16, 2019, naming as defendants Graystar, JB 430, and Marlin Gusman in his capacity as the Sheriff of Orleans Parish (Sheriff Gusman).  In addition, Swafford sought a temporary restraining order (TRO) and injunctive relief to prevent Sheriff Gusman from recording the sale.

On October 22, 2019, Graystar responded, filing a motion to dissolve the TRO and a peremptory exception of *res judicata*, asserting that the district court's ruling in July 2019 that the executory process was not defective and the sale could proceed excluded Swafford from litigating the issue again.

After a hearing on November 14, 2019, the district court issued a judgment on December 18, 2019, maintaining Graystar's exception of *res judicata* and dismissing with prejudice Swafford's petition for injunctive relief.

On January 1, 2020, Swafford filed a motion for a new trial.

On January 22, 2020, JB 430 filed its opposition to Swafford's motion for a new trial, as well as motions to compel inspection of the property and for Swafford to vacate the property, for Swafford to post security, and for sanctions. After a contradictory hearing on September 8, 2020, the district court ruled orally,[1] denying Swafford's motion for a new trial, granting JB 430's motion to compel and ordering Swafford to allow inspection of the property and vacate the premises by September 15, 2020.[2]

---

[1] The written judgment was signed on October 1, 2020.
[2] The district court held that the motion to compel Swafford to post security was moot and deferred the motion for sanctions.

Swafford did not comply. Instead, on September 22, 2020,[3] Swafford filed a motion to set aside the district court judgment of September 8, 2020 (denying its motion for a new trial), a notice of intent to file a writ application, and a request for a stay.

On October 1, 2020, the district court denied Swafford's motion to set aside the judgment of September 8, 2020, granted Swafford thirty days (until October 30, 2020) to file a writ application for review of the judgment, and denied Swafford's request for a stay of the orders to inspect and vacate pending this court's decision in the matter. On October 21, 2020, Swafford filed its writ application, requesting expedited consideration, seeking review of the district court's denial of its motion to set aside the judgment and granting JB430's motion to compel. That same day (October 21, 2020), this court denied Swafford's writ application.

However, Swafford filed its motion and order for a suspensive appeal on October 19, 2020, while the writ application for review was pending. Because Swafford's writ application was still pending, the underlying judgment (of *res judicata*) was not final. Accordingly, Swafford's motion for an appeal was premature and, therefore, moot. Swafford did not file a subsequent timely motion for appeal after the judgment of *res judicata* was final and the time period in which a motion for appeal could be filed has lapsed.

***Applicable Law***

An appeal may only be taken from a final judgment. La. Code Civ. Proc. art. 2083(A).

---

[3] That same date, the Sheriff's Sale Deed transferring the property to JB 430 was recorded

"It is well-settled under Louisiana law that a motion for appeal taken while a timely filed motion for new trial or request for rehearing is pending is premature and subject to dismissal, because the filing of a motion for a new trial suspends the operation of the final judgment being appealed." *Old Republic Life Insurance Company v. TransWood Inc.,* 2016-0552, p. 6 (La. App. 1 Cir. 6/2/17) 222 So.3d 995, 1000-01 (citations omitted).

*Discussion*

Based on the failure of Swafford to make payments under the terms of a promissory note secured by a collateral mortgage on the property, to provide proof of insurance, and to pay property taxes, the mortgage company (Graystar) initiated the executory proceeding in 2018 to seize and sell the property at 4734 Franklin Avenue. Since then, Swafford's repetitive pleadings have served to delay but not overturn the process. The sale of the property took place in July 2019 and the Sheriff's Sale Deed was recorded on September 22, 2020.

Swafford filed the motion for appeal while his writ application was pending. Because the judgment was not yet final, the motion for appeal was premature and, therefore, moot.

Subsequent to this court's denial of Swafford's writ application, Swafford could have sought further review in the Louisiana Supreme Court or returned to the district court to file a timely motion for appeal. In the absence of a valid motion for appeal, this court does not have jurisdiction to hear the appeal. Accordingly, because Swafford failed to file a timely motion for appeal, the district court

4

judgment maintaining the exception of *res judicata* and dismissing Swafford's petition is final.[4]

### *Conclusion*

This appeal is dismissed. All time periods for further filings have expired and, accordingly, the district court judgment maintaining Graystar's exception of *res judicata* and dismissing Swafford's petition is the final.

**APPEAL DISMISSED**

---

[4] As the analysis of the merits of this case set forth in Judge Ledet's concurrence makes clear, if we had jurisdiction to hear the appeal and review the merits of the case, the outcome would be the same: the district court judgment maintaining the exception of *res judicata* and dismissing Swafford's petition (which is now the final judgment in this case and can no longer be appealed) would be affirmed.